# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Joseph Gormisky<br>Melissa M Cropley<br><br>Debtor(s) | Case No. 23-13315 PMM<br><br>Chapter 13 |
| PENNYMAC LOAN SERVICES, LLC<br>Movant<br><br>v.<br><br>Joseph Gormisky<br>Melissa M Cropley<br><br>and<br><br>Kenneth E. West, Trustee<br>Respondents | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## AS TO PROPERTY LOCATED AT 4706-08 ALMOND ST, PHILADELPHIA, PA 19137

PENNYMAC LOAN SERVICES, LLC ("Movant") hereby moves the court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 4706-08 Almond St, Philadelphia, PA 19137 (the "Property"), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose.  In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on November 2, 2023.

2. A hearing to consider confirmation of the Chapter 13 Plan is scheduled for April 11, 2024.

3. A Proof of Claim was filed under claim number 13-1 in the amount of $180,018.68, including pre-petition arrears in the amount of $47,844.04.

4. Joseph Gormisky (deceased), executed and delivered or is otherwise obligated with respect to that certain promissory note in the original amount of $188,522.00 (the "Note").  A copy of the Note is attached hereto as **Exhibit A**.  Movant is an entity entitled to enforce the Note.  A true and correct copy of the Certification of Death for the deceased, Joseph Gormisky, is attached hereto as **Exhibit B**.

5. Pursuant to that certain Mortgage dated December 5, 2014, and recorded in the office of the county clerk of Philadelphia County, Pennsylvania (the "Mortgage"), all obligations (collective, the "Obligations") of Joseph Gormisky (deceased), under and with respect to the Note and the Mortgage are secured by the Property.  A copy of the Mortgage is attached hereto as **Exhibit C**.

6.      All rights and remedies under the Mortgage have been assigned to the Movant pursuant to an assignment of mortgage. A copy of the Assignment of Mortgage is attached hereto as **Exhibit D**.

7.      A copy of Loan Modification dated October 20, 2017, and recorded December 21, 2017, is attached hereto as **Exhibit E**.

8.      Debtors, Joseph Gormisky and Melissa M Cropley, are heirs of Joseph Gormisky (deceased).

9.      PennyMac Loan Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property the foreclosure will be conducted in the name of the Movant. Joseph Gormisky (deceased) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or the beneficiary of the assignee of the mortgage or deed of trust.

10.      As of April 30, 2024, outstanding Obligations are $193,841.10.

11.      The following chart sets forth the number and amount of post-petition payments due pursuant to the Note that have been missed as of April 10, 2024.

| # of Missed Payments | From: | To: | Monthly Payment | Total |
|---|---|---|---|---|
| 5 | 12/1/23 | 4/1/24 | $1,439.70 | $7,198.50 |
|  |  |  |  | $0.00 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | $0.00 |
| TOTAL: | | | | $7,198.50 |

12.      As of April 10, 2024, the total post-petition arrearage/delinquency is $7,198.50.

13.      The amount of the next monthly payment due under the terms of the Note and Mortgage is $1,439.70 and will come due on May 1, 2024.

14.      Cause exists for relief from the automatic stay for the following reasons:

    a.    Payments required under the Note and Mortgage have not been made to the Movant.

    b.    Movant's interest in the property is not adequately protected.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.      Relief from the stay of 11 U.S.C. §362(a) for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing the Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

      2.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

      3.      That the 14-day stay described by Fed. R. Bankr. P. 4001(a)(3) be waived.

      4.      For such other Relief as the Court deems proper.

      5.      Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case.

Dated: April 19, 2024

/s/ Karina Velter, Esquire

POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire ; ID 63252
Harry B. Reese, Esquire; ID 310501
Karina Velter, Esquire; ID 94781
8 Neshaminy Interplex, Suite 215
Trevose, PA  19053
215-942-2090 phone; 215-942-8661 fax
Email:  bankruptcy@powerskirn.com
Attorney for Movant